IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **BENNIE R. SMITH,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 3:11-cv-00705 |
| **JUSTIN CAGLE**, in his individual and | ) | Judge Nixon |
| official capacity as an officer of the Mt. Juliet | ) | Magistrate Judge Brown |
| Police Department, **ANDY GARRETT**, in his | ) | |
| official capacity as the Chief of the Mt. Juliet | ) | JURY DEMAND |
| Police Department, and **MT. JULIET,** | ) | |
| **TENNESSEE,** | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Pending before the Court are two Motions to Dismiss, filed by Defendants Justin Cagle and Mt. Juliet, Tennessee. (Doc. Nos. 32 & 33.) The Motions request that Plaintiff Bennie R. Smith's claims be dismissed with prejudice for his failure to prosecute this suit and for his failure to comply with a Court Order. (Doc. No. 32 at 1; Doc. No. 33 at 1.)

On November 2, 2011, Plaintiff's attorney moved to withdraw as counsel of record due to the attorney's inability to make contact with Plaintiff since the beginning of the litigation. (Doc. No. 27.) The Court granted that motion on November 8, 2011, and ordered Plaintiff to have new counsel appear on his behalf or announce his intention to proceed *pro se* within fourteen days. (Doc. No. 29.) The Court warned that Plaintiff's failure to comply could result in dismissal of his case. (*Id.*) To date, Plaintiff has made no action in compliance with the Court's November 8 Order or any other action in furtherance of his claims. It appears that Plaintiff has also moved without notifying the Court, as correspondence from the Court to Plaintiff's address on record has been returned as undeliverable. (Doc. Nos. 31 & 34.)

1

A Court may dismiss an action under Federal Rule of Civil Procedure 41(b) when a plaintiff fails to prosecute, comply with the Federal Rules, or comply with a court order. A court should consider (1) whether the party's failure is due to wilfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001).

Plaintiff has apparently abandoned his claims, to the detriment of his former attorney, the Defendants, and this Court, who have all expended resources on this litigation over several months. The Court has attempted to warn Plaintiff that his conduct would result in dismissal of his case, although Plaintiff did not receive the warning due to his failure to update his contact information with the Court. Having considered the relevant factors, the Court finds it appropriate to dismiss this action pursuant to Rule 41(b) for Plaintiff's failure to cooperate with his attorney or otherwise prosecute his case and failure to comply with the Court's November 8 Order. Under Rule 41(b), such a dismissal operates as an adjudication on the merits. Accordingly, this action is **DISMISSED with prejudice**.

It is so ORDERED.

Entered this the __9th__ day of December, 2011.

_____
JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT